UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID KARCH,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>Defendant. | Case No. 20-cv-12321<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION & ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS AFFIRMATIVE DEFENSES AND FILE COUNTERCLAIM (ECF No. 35) AND DENYING AS MOOT PLAINTIFF'S MOTION TO SEAL (ECF NO. 38)**

## I. Introduction

Defendant Harman International Industries, Inc., moves for leave to amend its affirmative defenses and to file a counterclaim. ECF No. 35. Harman seeks to add a setoff defense and assert four counterclaims based on a debt Plaintiff David Karch allegedly owes Harman. *Id.* at PageID.245; ECF No. 41, PageID.358-359. Karch moves to seal a severance agreement attached as an exhibit to his response. ECF No. 38. The Honorable Gershwin A. Drain referred the motions to the undersigned for

hearing and determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 37; ECF No. 42.  After reviewing the record, the Court **DENIES** Harman's motion.  Because the severance agreement is not material to the Court's analysis, Karch's motion to seal is **DENIED** as moot.

II.     Analysis

The scheduling order, entered in July 2021, set a deadline to amend the pleadings by August 2, 2021.  ECF No. 12.  In March 2022, the parties agreed to extend the scheduling order by 60 days, and the stipulated order modified the discovery cutoff and later deadlines.  ECF No. 21.  In May 2022, Karch moved for another 60-day extension.  ECF No. 24.  Judge Drain extended the discovery cutoff and later deadlines by 30 days and stated that no further adjournments would be granted.  ECF No. 25.  Thus, the deadline for filing amended pleadings was never modified.

The Court may modify the schedule to allow Harman to amend its pleadings only for good cause.  Fed. R. Civ. P. 16(b)(4).  Although district courts enjoy wide discretion under Rule 16(b)(4), that discretion is limited in that a court may grant leave to amend a schedule only with evidence that the moving party could not meet the original deadline despite its diligence.  *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (finding that district court should not have granted plaintiffs leave to file

amended complaint well after deadline when plaintiffs failed to show diligence).

When a party moves to file a motion after a scheduling order deadline, the Court must also apply Federal Rule of Civil Procedure 6(b). *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240-42 (E.D. Ky. 2018). Under Rule 6(b), when a motion for extension is made after the relevant deadline, the moving party must show excusable neglect. *Id.* To decide whether a party's tardiness is due to "excusable neglect," courts weigh these equitable factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* at 241-42. This "Circuit has cautioned that excusable neglect is a strict standard which is met only in extraordinary cases." *Argue v. Burnett*, No. 1:08-CV-186, 2010 WL 1417633, at *2 (W.D. Mich. Apr. 1, 2010) (internal quotation marks and citations omitted). The reason for delay is the most critical factor, and mere error or inadvertence is usually insufficient. *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017).

Harman fails to show that it could not have amended its pleadings despite its diligence or that its delay was the product of excusable neglect. Harman did not seek leave to amend until July 2022, nearly one year after the deadline to amend pleadings. Harman's argument that the scheduling order extensions included the deadline for amending pleadings is contradicted by the plain language of those orders.[1]  *See* ECF No. 21; ECF No. 25.

Harman gives no compelling reason for its delay. It claims that the parties did not begin discovery until May 2022 and that it was unaware of the need to amend its pleadings until Karch testified in June 2022 that he did not owe the alleged debt. ECF No. 41, PageID.357. But this does not explain Harman's delay in asserting an affirmative defense and counterclaims based on a debt that admittedly went unpaid since 2018. *See* ECF No. 35, PageID.248. Harman was undisputedly aware of the debt from the outset of the litigation but did not assert its claims for nearly two years.

Permitting Harman to amend its pleadings at this stage would prejudice Karch and delay the proceedings. Allowing amendments at or

---

[1] Even if the orders applied to the deadline to amend pleadings, the new deadline would have been November 1, 2021. Thus, Harman's motion would have been late regardless of the extensions.

after the close of discovery is considered *per se* prejudicial in that they require the reopening of discovery and force the opposing party to prepare to defend a new claim. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *3-4 (E.D. Tenn. Jan. 21, 2011).  Thus, a party moving to amend pleadings at a late stage in the litigation faces an increased burden to justify the failure to move earlier.  *Duggins*, 195 F.3d at 834.

Harman fails to meet its burden.  Because discovery closed on July 1 and no adjournments will be granted, permitting amendment would prevent Karch from conducting discovery on the new claims.  *See* ECF No. 25. Harman's argument that discovery is unnecessary because Karch "knows the basis" for its claims and because it already produced relevant documents is unpersuasive.  ECF No. 41, PageID.358.  In essence, Harman aims to circumvent discovery by only producing the documents it deems relevant.  That approach is plainly prejudicial, especially when Karch seeks to take written discovery and depositions.  *See* ECF No. 39, PageID.314.

Because Harman cannot show that it acted diligently and because permitting amendment would cause prejudice and delay the proceedings, the Court denies Harman's motion.

5

### III.     Conclusion

The Court orders that Harman's motion for leave to amend is **DENIED** (ECF No. 35) and that Karch's motion to seal is **DENIED** as moot (ECF No. 38).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 27, 2022

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2022.

                                                  <u>s/Marlena Williams</u>
                                                  MARLENA WILLIAMS
                                                  Case Manager